IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM LOPEZ MORALES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH R. CAMERON, et al. | : | No. 11-0371 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                                                                 March 22, 2012

Presently before this court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by William Lopez Morales, an individual currently incarcerated in the State Correctional Institution in Cresson, Pennsylvania.  For the reasons that follow, the petition will be denied.

**FACTS AND PROCEDURAL HISTORY:**

On December 14 and 15, 2006, Morales and two co-conspirators engaged in a violent crime spree including several robberies, a home invasion, and an aggravated assault.  On August 3, 2007, Morales entered an open plea of guilty before the Honorable Dennis E. Reinaker, Court of Common Pleas of Lancaster County, to six counts of armed robbery, robbery, aggravated assault, criminal conspiracy/robbery, criminal conspiracy/burglary, criminal conspiracy/aggravated assault, and unlawful restraint.  On October 23, 2007, Judge Reinaker sentenced Morales to an aggregate term of twenty (20) to forty (40) years of imprisonment.

Morales did not file a timely direct appeal.  Morales filed an untimely direct appeal, which the court treated as a timely pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, et seq.  Counsel was appointed and an amended petition was filed on March 20, 2008, asserting that plea counsel was ineffective for failing to file an appeal.

On January 6, 2009, the PCRA court dismissed Morales' PCRA petition.  Morales appealed the denial of PCRA relief to the Superior Court, which affirmed the PCRA court's ruling on August 26, 2009.  Commonwealth v. Morales, No. 157 MDA 2009 (Pa. Super. August 26, 2009); attached to Respondents' Answer as App. "K."  The Pennsylvania Supreme Court denied allocator on March 19, 2010.  Commonwealth v. Morales, No. 784 MAL (Pa. 2009).

Morales filed this timely petition for a federal writ of habeas corpus on January 20, 2011,[1] asserting the following claims:

1. ineffective assistance of plea counsel due to trial counsel's failure to file a direct appeal;

2. denial of a reasonable determination of the facts by the state court; and

3. ineffective assistance of plea counsel due to her failure to properly advise Petitioner that his sentences could run consecutively.

---

[1]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Morales signed his original habeas petition on January 20, 2011; therefore, I will assume that he presented his petition to prison authorities on that date.  Respondents' have conceded that the instant petition is timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  28 U.S.C. § 2244(d)(1).

Respondents have filed an answer to Morales' petition asserting that his claims are procedurally defaulted or without merit.

**DISCUSSION**

    **I.    Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

    **II.    Petitioner's Claims**

        **A.    Claims One and Two: Ineffective assistance of plea counsel due to failure to file a requested direct appeal**

Morales first claims that plea counsel rendered ineffective assistance by failing to file a requested direct appeal.[2] Claims of ineffective assistance of counsel are governed

---

[2] Morales captions his second claim as a denial of "a reasonable determination of the facts in light of evidence presented in the state court proceedings." This claim is not a cognizable claim for habeas review. See Estelle v. Maguire, 502 U.S. 62, 67-68 (1991). However, since the

3

by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed." Id.

---

supporting facts offered by Morales for claim two relate directly to claim one, I will address these claims together.

"It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 391 (2000).  Because the Strickland test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal, see Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), Morales is entitled to relief if the Pennsylvania courts' rejection of his claims was either "contrary to, or involved an unreasonable application of," that established law.

Morales asserts that he requested counsel file an appeal through his girlfriend, Nellie Quinones.  The PCRA court addressed this issue as follows:

> To succeed on a claim of ineffectiveness of counsel based on failure to file an appeal, [Morales] must prove he requested an appeal and his counsel disregarded the request.  Trial counsel testified at the evidentiary hearing, held on September 23, 2008, that [Morales] never requested that she file an appeal on his behalf.  Following [Morales'] sentencing, trial counsel testified that, after asking [Morales] if he wanted her to appeal, he stated, "no, I'm happy with it."
>
> A week after the guilty plea, trial counsel instructed [Morales'] girlfriend, Ms. Nellie Quinones, that if [Morales] wanted to file an appeal he must write a letter or call counsel.  Trial counsel also told [Morales'] girlfriend she needed to "know for sure" from [Morales] or his girlfriend if he wanted her to file an appeal.  Trial counsel never heard from [Morales] or his girlfriend about [Morales'] desire to appeal.  Ms. Quinones testified that she had visited trial counsel's office following sentencing, but she did not mention [Morales'] desire to appeal during these conversations.  [Morales] stated he tried to call counsel three times following his sentencing; however, he never left her a message or wrote her a letter requesting an appeal.  Since there is no indication that trial counsel ever received or disregarded a request by [Morales] to file an appeal his claims are meritless.

Commonwealth v. Morales, No. 1015, 5077, and 5078 MDA 2006 (Lancaster County Ct.

Com. Pl. Jan. 6, 2009).

Under the AEDPA, a state court's legal and factual determinations on the merits are entitled to deference and we presume that state court findings of fact are correct. See 28 U.S.C. § 2254(e)(1). To overcome the PCRA court's finding that Morales did not request a direct appeal, Morales must present clear and convincing evidence of his attempts to communicate with his attorney or evidence which corroborates his testimony that he and his girlfriend asked counsel to file a notice of appeal. See 28 U.S.C. § 2254(e)(1). Morales produces no new or different evidence to support his claim. He relies entirely upon his testimony and the testimony of Ms. Quinones from the PCRA hearing. Morales' testimony, and the testimony of Ms. Quinones, conflicts with the testimony of trial counsel whom the PCRA court found to be credible. Therefore, because Morales did not meet the burden of rebutting the presumption of correctness afforded state court factual determinations, his claim must fail. I find that the state court's determination of this issue was reasonable and not contrary to established law. Consequently, Morales' claim is denied as meritless.

   **B.**  **Claim Three: Ineffective assistance of plea counsel due to her failure to properly advise Petitioner that his sentences could run consecutively**

Morales next asserts that plea counsel rendered ineffective assistance due to her failure to properly advise Petitioner that his sentences could run consecutively. A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas

corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (quoting Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992)). A petitioner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process. Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

Morales' claim of ineffective assistance of plea counsel resulting in a consecutive sentence was not presented in his PCRA petition, and as a result, is unexhausted. Even if I were to excuse exhaustion pursuant to 28 U.S.C. § 2254(b)(1), a return to state court would be futile due to "an absence of available State corrective process." Lines, 208 F.3d at 162. The only way in which Morales could properly present this claim in the state court at this time is by filing a second PCRA petition. See Szuchon v. Lehman, 273 F.3d 299, 324 n.14 (3d Cir. 2001). However, any such petition would be time-barred by the PCRA's statute of limitations.[3] Since the state's procedural rules bar curing the

---

[3] Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1); see also, e.g., Lines, 208 F.3d at 164 n.17 (noting that the Pennsylvania Supreme Court has held that the time restrictions for seeking relief under the PCRA are

exhaustion requirement, this claim is procedurally defaulted.

The principal exception to this general rule precluding federal review of habeas claims that have been procedurally defaulted is for petitioners who can show "cause and prejudice" for the procedural default or that a "miscarriage of justice" will occur absent review. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004). The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Werts, 228 F.3d at 192-193 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In the alternative, if the petitioner fails to demonstrate cause and prejudice for the default, the federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 748 (1991). In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496).

---

jurisdictional) (citing Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999)). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review. 42 Pa. Cons. Stat. Ann. § 9545(b)(3). Morales' conviction became final in 2007.

8

Morales has not even attempted to provide this court with an explanation for his failure to properly present this claim to the state court. As a result, he has not shown cause to excuse his procedural default.[4] Carrier, 477 U.S. at 488. Moreover, because Morales makes no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if his claim is not reviewed. Coleman, 501 U.S. at 748; Schlup, 513 U.S. at 327 (citing Carrier, 477 U.S. at 496). Consequently, federal review of this claim is foreclosed.

### III.   CONCLUSION:

After close and objective review of the arguments and evidence, I conclude that Morales' petition for writ of habeas corpus is meritless. The state courts' conclusion that counsel did not render ineffective assistance was not an objectively unreasonable application of United States Supreme Court precedent. As a result, Morales' petition will be denied.

Similarly, because Morales' claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing nor is there a need to appoint counsel, as neither would change the outcome of this matter. See 28 U.S.C. § 2254(e)(2), 18 U.S.C. § 3006A; see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court

---

[4] Because no cause has been demonstrated, the court need not address the prejudice requirement. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).

record") (citations omitted); <u>see also</u> <u>Campbell v. Vaughn</u>, 209 F.3d 280, 221 (3d Cir. 2000).

An appropriate order follows.